ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JASON FLANNERY, | ) | CASE NO. 1:06CV1938 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| STUART HUDSON, Warden | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | [RESOLVING DOCS. 16, 19] |

This action is before the Court upon the Report and Recommendation of Magistrate Judge Patricia A. Hemann. With the exception of Petitioner's first ground for relief, the Court ADOPTS the Magistrate Judge's Report and Recommendation, Doc. 13. Petitioner fails to meet the second element necessary to establish ineffective assistance of counsel according to *Strickland v. Washington*, 466 U.S. 688, 687 (1984). Therefore, the Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254, Doc. 1, will be DENIED.

## I. Procedural History

On January 22, 2003, Petitioner was convicted in the Richland County, Ohio Court of Common Pleas on charges of rape, kidnapping, felonious assault, and tampering with evidence.

On February 3, 2003, the Common Pleas Court sentenced Petitioner to terms of six and eight years imprisonment on two counts of kidnapping, two terms of six years on two counts of rape, two terms of eight years on two additional counts of rape, a term of one year on the count of tampering with evidence, and two terms of three years on two counts of felonious assault.

Doc. 12, Exh. B. The terms for kidnapping and the two six-year terms for rape were to be served consecutively, and the two eight-year terms for rape were to be served consecutively to the other sentences, but concurrently with each other. *Id.* All other terms were to be served concurrently with the previous sentences. *Id.* The Court also determined Petitioner to be a sexual predator. Doc. 13.

On April 1, 2005, the Fifth District Court of Appeals, Richland County, Ohio affirmed the conviction. *State v. Flannery*, No. 03-CA-24, 2005 WL 750077 (Ohio App. 5 Dist., 2005).

On August 10, 2005, the Ohio Supreme Court denied Petitioner's Motion for Leave to Appeal. *State v. Flannery*, 106 Ohio St.3d 1486 (2005).

On August 14, 2006, Petitioner, *pro se*, filed the within Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner states seven grounds for his petition:

> (1) The failure to federalize assignments of error and to argue applicable constitutional dimension to the issues on direct appeal by appellate counsel constitutes ineffective assistance of counsel on appeal in violation of the state and federal constitutions.
> (2) The admission of testimony from a medical witness that a complaining witness was "truthful" and the admission of a letter written from and to non-testifying co-defendants as proof of the [guilt] of a defendant violates the Confrontation Clause of the United States Constitution.
> (3) It is a violation of the United States Constitution Sixth Amendment to impose a sentence greater than the maximum based on fact findings not inherent in a verdict or expressly found by the jury.
> (4) The failure to instruct the jury on every essential element necessary to sustain a conviction violates the Constitutional right to due process of law and to a fair trial by jury.
> (5) When the prosecutor in a criminal case commits misconduct designed to inflame the passions and prejudices of the jury, any resulting conviction violates the United States [Constitution], the Fourteenth Amendment, [and] due process of law and requires reversal when the misconduct affects the fairness of the proceedings.
> (6) When trial counsel fails to raise proper objections, and the defense is prejudiced thereby, the defendant has been denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth [Amendments] of the United States Constitution.
> (7) The absence of clear and convincing evidence [that] the defendant is likely to commit sexual [offenses] in the future precludes the adjudication of the defendant as a

sexual predator under [O.R.C.] § 2950.09, et seq. in violation of the United States Constitution, Sixth, [and] Fourteenth [Amendments].

*Id.*

On January 5, 2007, Respondent filed a Return of Writ arguing that the Habeas Petition should be denied. Doc. 5. Respondent said grounds three and five are procedurally defaulted, and that all other grounds are meritless. *Id.*

On May 9, 2007, Petitioner filed a Traverse, denying everything Respondent raised in his Answer. Doc. 12 at 1.

On May 23, 2007, Magistrate Judge Hemann issued a Report and Recommendation that the Petition for Writ of Habeas Corpus be granted with respect to part of Petitioner's first ground for relief–that Petitioner was denied effective assistance of appellate counsel–and dismissed with respect to Petitioner's other grounds for relief. Doc. 13 at 42.

On June 7, 2007, Respondent filed Objections to the Report and Recommendation. Doc. 16. Respondent objected to the Magistrate Judge's finding regarding part of Petitioner's first ground for relief, and requested that this Court adopt the Magistrate Judge's recommendation with the exception of that ground. *Id.* at 1.

On July 13, 2007, Petitioner filed his Objections to the Report and Recommendation. Doc. 19. Petitioner objected to the adverse findings of the Magistrate Judge and requested that this Court review *de novo* the Magistrate Judge's factual and legal findings on those grounds, and issue a certificate of appealability if need be. *Id.* at 2.

**II. Standard of Review for a Magistrate Judge's Report and Recommendation**

Where objections have been made to a magistrate judge's Report and Recommendation,

the District Court standard of review is *de novo*.  Fed. R. Civ. P. 72(b).  A district judge:

> shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

*Id.*

The Court has reviewed *de novo* the Report and Recommendation, the Parties' briefs and supporting material, and the Objections of both parties.  The Court finds the Report and Recommendation to be well-reasoned as to grounds two through seven, and finds merit in Respondent's Objection to the Report and Recommendation as to ground one.

### III. Analysis of Ineffective Assistance of Counsel

Petitioner's counsel in the state appellate court did not argue that Petitioner's sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004).  Doc. 13 at 29.  Petitioner claims that this omission constituted ineffective assistance of counsel.  Doc. 1 at 8.

The Court must analyze claims of ineffective assistance of counsel under the test in *Strickland*, 466 U.S. at 687.  Accordingly, Petitioner must show that:  (1) counsel's performance was deficient; and (2) the deficient performance prejudiced Petitioner.  *Id.*  Failure to show either deficient performance or sufficient prejudice defeats the ineffectiveness claim.  *Id.* at 700.  Applying these criteria, and the supplemental criteria set forth in *Mapes v. Coyle*, 171 F.3d 408, 427-28 (6th Cir. 1999), the Magistrate Judge found the omission to constitute ineffective assistance of counsel.  Doc. 13 at 29-37.  This Court disagrees.

### A. Deficient Performance

Petitioner must show that counsel's performance was deficient. *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's performance "must be highly deferential." *Id.* at 689-90. At first glance, such deference places counsel's omission within the "wide range" of reasonably competent representation at the time such conduct occurred. *See id.*

Today, raising a *Blakely* argument like Petitioner's clearly would result in an Ohio appellate court invalidating a sentence like Petitioner's. *State v. Foster*, 109 Ohio St.3d 1, 20 (2006). However, by the time Petitioner had exhausted his chances at state appellate relief, *State v. Foster* did not exist. Before *Foster*, the majority of Ohio courts found that *Blakely* did not apply to Ohio's sentencing laws. *See Foster*, 109 Ohio St.3d at 17-18. Specifically, the Fifth District Court of Appeals, where Petitioner filed his original appeal, rejected *Blakely* challenges to Ohio sentences. *See, e.g.*, *State v. Iddings*, No. 2004CAA06043, 2004 WL 3563921, at *2 (Ohio App. 5 Dist., 2004). Not until the U.S. Supreme Court decided *U.S. v. Booker*, 543 U.S. 220 (2005), and the Ohio Supreme Court followed suit in *Foster*, was it clear that *Blakely* invalidated portions of Ohio's sentencing law.

In light of the above confusion, a "highly deferential" standard would not appear to render counsel's performance ineffective. Counsel reasonably could have thought a *Blakely* challenge would not work, especially in the Fifth District Court of Appeals. Indeed, the Sixth Circuit has supported similar reasoning in the unpublished opinion in *U.S. v. Burgess*, 142 Fed.Appx. 232, 240 (6th Cir. 2005) (refusing to hold counsel ineffective for lacking the foreknowledge that the *Booker* Court would apply *Blakely* to invalidate federal sentencing guidelines, particularly

because the *Blakely* Court stated that it expressed "no opinion on the continuing validity of the federal guidelines").

However, as the Sixth Circuit noted in *Nichols v. U.S.*, 501 F.3d 542, 546 n.2, (6th Cir. 2007) (rehearing en banc granted, opinion vacated Jan. 3, 2008), *Burgess* is unpublished and non-binding. While the *Nichols* Court admitted that a later change in the law usually does not make an attorney's earlier performance deficient, it held that a failure to challenge sentencing guidelines, in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), constitutes one of the "rare" cases of deficient performance. *Nichols*, 501 F.3d at 545-47.

By the time of Petitioner's first state court appeal, not only had *Apprendi* been decided, but *Blakely* and *Booker* had been also. As this Court is no longer bound by the Sixth Circuit's holding in *Nichols*, this Court concludes that Petitioner's state appellate counsel was not ineffective for failing to raise a *Blakely* argument.

**B.    Prejudice**

*Blakely* violations are not "structural" errors that require automatic reversal. *Wash. v. Recuenco*, 126 S.Ct. 2546, 2553 (2006). To obtain habeas relief, Petitioner must show that counsel's deficient performance prejudiced Petitioner. *Strickland*, 466 U.S. at 687. Namely, Petitioner must show that, absent counsel's deficient performance, there is a "reasonable probability" that "the result of the proceeding would have been different." *Rompilla v. Beard*, 545 U.S. 374, 390 (2005) (citing *Strickland*, 466 U.S. at 694).

Petitioner does not claim that, absent counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different. *See generally* Docs. 12,

19.  A *de novo* review of the case also does not expose such a reasonable probability. Therefore, this Court concludes counsel's deficient performance did not prejudice Petitioner.

<u>1. Petitioner could have obtained an appeal pursuant to Ohio App. R. 26(B)(1).</u>

The Magistrate Judge explains that, had counsel raised a *Blakely* argument, Petitioner "would have won appellate relief, either immediately," or after the *Foster* decision by an application to "*reopen* his appeal pursuant to Ohio App. R. 26(A) [sic]."  Doc. 13 at 36 (emphasis added).  Respondent is correct that Ohio App. R. 26(A) "places a short deadline on the filing" of applications for reconsideration.  *See* Doc. 16 at 12.  However, an application to reopen an appeal under Ohio App. R. 26(B)(1) may be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."

The journalization of Petitioner's appellate judgment occurred on April 1, 2005.  *Flannery*, 2005 WL 750077.  *Foster*, *supra*, was decided on February 27, 2006, more than ten months after the above journalization.  Because this gap exceeds ninety days, Petitioner must show good cause for his failure to file his application in a timely manner.  Ohio App.R. 26(B)(1), (2).

Good cause is not an open invitation "to concoct new theories of ineffective assistance of appellate counsel."  *State v. Reddick*, 72 Ohio St.3d 88, 90-91 (1995).  Rather, good cause allows Petitioner to present colorable claims that "particular circumstances" prevented him from presenting in a timely manner.  *Id.* at 91.

Ohio law does not define "good cause" as used in App.R. 26(B).  *State v. Kaszas*, No. 72546, 72547, 2000 WL 1195676, at *4 (Ohio App. 8 Dist. 2000).  However, "issues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so."  *State*

*v. Williams*, 74 Ohio St.3d 454, 455 (1996). The *Foster* decision arguably gave Petitioner such a first opportunity. Thus, had counsel made a *Blakely* argument, thereby preserving such an argument for an application to reopen under Ohio App.R. 26(B)(1), Petitioner could have most likely satisfied the good cause requirement and reopened an appeal.

<u>2. There is not a reasonable probability that an appeal under Ohio App. R. 26(B)(1) would alter Petitioner's sentence.</u>

Petitioner must show that, absent counsel's deficient performance, there is a "reasonable probability" that "the result of the proceeding would have been different." *Rompilla*, 545 U.S. at 390 (citing *Strickland*, 466 U.S. at 694). Neither party adequately addresses this requirement. Respondent, in his Return, fails to apply the facts of this case to the reasonable probability standard. *See* Doc. 5 at 25-27. Similarly, Petitioner does not claim that such a reasonable probability exists. *See generally* Docs. 12, 19. On *de novo* review, the Court finds that there is no such reasonable probability.

The *Foster* Court responded to *Apprendi*, *Blakely*, and *Booker* by severing portions of Ohio's sentencing law. *See Foster*, 109 Ohio St.3d at 29. After *Foster*, Ohio trial courts do not need to make any findings, or give any reasons, when imposing consecutive sentences. *Minor v. Wilson*, 213 Fed.Appx. 450, 453 (6th Cir. 2007), citing *Foster*, 109 Ohio St.3d at 30.

Speculation that a judge may repeat his sentence without explicit fact-finding does not render counsel's omission "harmless as a certainty." *Villagarcia v. Warden, Noble Corr. Inst.*, No. 2:05-cv-810, 2007 WL 1028528, at *4 (S.D. Ohio 2007). Likewise, such speculation does not mean, and Petitioner does not argue, that Petitioner would receive a more favorable sentence if the Court grants his Petition. *Shafer v. Wilson*, No. 1:06-CV-648, 2007 WL 315760, at *11 (N.D. Ohio 2007). Petitioner may even receive greater penalties if the Court grants his Petition.

*Foster*, 109 Ohio St.3d at 31.   At best, these are equivocal possibilities, and do not produce a reasonable *probability*.

*Blakely* violations do not require automatic reversal.   *Recuenco*, 126 S.Ct. at 2553. Furthermore, there is no reasonable probability, and Petitioner does not argue, that granting this Petition will afford Petitioner a different sentence.   *Minor*, 213 Fed.Appx. at 453, citing *Foster*, 109 Ohio St.3d at 30.   Therefore, despite the fact that Petitioner's sentence violated *Blakely*, this Court agrees with Respondent that no basis exists for granting the Petition.   *Shafer*, 2007 WL 315760, at *11.

### IV. Conclusion

With the exception of part of Petitioner's first ground for relief, the Court hereby ADOPTS the Magistrate Judge's Report and Recommendation, Doc. 13.   Accordingly, the Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254, Doc. 1, is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.   There is no basis on which to issue a certificate of appealability.   Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

|  |  |
|---|---|
| April 17, 2008 | */s/ John R. Adams* |
| Date | John R. Adams |
|  | U.S. District Judge |